

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10143 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00678-DGC-1 |
| v. | |
| JOSEPH S. MARTIN, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10147 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00678-DGC-2 |
| v. | |
| CHRISTOPHER J. HEIKKILA, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted January 12, 2018
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

Appellants Joseph Martin (Martin) and Christopher Heikkila (Heikkila) (collectively, Appellants) appeal their convictions for sexual abuse and abusive sexual contact.

**1.** The district court properly determined that *Miranda*[1] warnings were not warranted because, under the totality of the circumstances, neither Martin nor Heikkila was in custody when interviewed by military investigators.[2] *See United States v. Cazares*, 788 F.3d 956, 980 (9th Cir. 2015) (considering "the totality of the circumstances surrounding the interrogation" in determining whether the defendant was in custody).

The military investigator informed Martin that he was not under arrest and that he did not have to answer any questions. Although located in a secure military installation, the physical surroundings were not otherwise coercive. The military investigator did not confront Martin with any evidence of guilt or utilize any pressure or coercive tactics. While the interview was lengthy, Martin voluntarily

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] The record in this case is unsealed to the extent discussed in this disposition.

typed a statement and acknowledged that he understood that he was free to leave at any time and was not required to answer the military investigator's questions.

Similarly, Heikkila acknowledged that he never asked to leave, never asked for the questioning to stop, was informed that he could refuse consent to search his cellphone, that he was "treated fine during the interview," and that he answered questions voluntarily.

2.     Martin and Heikkila were not in custody when they consented to the search of their cellphones. They freely and voluntarily gave consent, and acknowledged that they understood that they could decline consent and that they were not under arrest. *See United States v. McWeeney*, 454 F.3d 1030, 1033-34 (9th Cir. 2006) ("Consensual searches are allowed because it is reasonable for law enforcement agents to conduct a search after receiving consent. . . .") (citation omitted). Under plain error review, there was no Fourth Amendment violation. *See United States v. Diaz*, 876 F.3d 1194, 1196 (9th Cir. 2017) (delineating plain error standard).

3.     The district court properly denied Appellants' motion to suppress messages obtained from social media accounts pursuant to the Stored Communications Act (SCA), 18 U.S.C. § 2703. There was no evidence that any of Appellants' social media messages were stored on a foreign server. As a result, the

3

territorial reach of the SCA was not at issue.  In any event, any error was harmless because the evidence obtained from Appellants' cellphones and from their statements adequately established their involvement.  *See United States v. Job*, 871 F.3d 852, 865 (9th Cir. 2017), *as amended* (applying harmless error review).

**4.**     The district court did not plainly err in instructing the jury on co-conspirator liability.  The district court properly instructed the jury in accordance with *Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946), as well as 9th Circuit Model Criminal Jury Instruction 8.25.  Reversal under plain error review is unwarranted because Appellants were acquitted of the conspiracy charge and found guilty only on the substantive counts.  *See United States v. Plunk*, 153 F.3d 1011, 1027 (9th Cir. 1998), *overruled on other grounds by United States v. Hankey*, 203 F.3d 1160, 1169 n. 7 (9th Cir. 2000) (observing that "the fact that the jury rendered a mixed verdict . . . suggests that it reviewed the evidence rationally and independently") (citation, alterations, and internal quotation marks omitted).

**5.**     Although the district court utilized the collective term "defendants" in some of its instructions, the district court specifically instructed the jury of its obligation to "decide the case of each defendant on each crime charged against that defendant separately."  This instruction comports with 9th Circuit Model Criminal Jury Instruction 1.13 and "we presume that jurors follow their instructions."

4

*United States v. Smith*, 831 F.3d 1207, 1215 (9th Cir. 2016) (citation omitted).[3]

**AFFIRMED.**

---

[3] Martin mentions a challenge to the sufficiency of the evidence supporting his convictions in his opening brief but fails to provide any supporting arguments. As a result, he has waived this claim. *See Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948, 957 (9th Cir. 2018) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.") (citation and footnote reference omitted).